3 So.2d 327

## VAN HYDE v. STATE.

### 7 Div. 602.

Court of Appeals of Alabama.

June 30, 1941.

McCord & Miller, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge..

There were two counts in the indictment, and upon the trial of the defendant in the court below, the jury returned a verdict of guilty upon the charge contained in the first count, the said charge being that he did carnally know, or abuse in the attempt to carnally know (the girl in question, naming her), a girl over twelve and under sixteen years of age, etc.

Pursuant to said verdict, the trial court adjudged the defendant guilty of carnal knowledge, as charged in the indictment, and duly sentenced him to a period of six years in the penitentiary in accordance with the verdict of the jury, which verdict fixed his punishment at "six years in the penitentiary."

On this appeal, it is made known to the court, that present counsel for appellant did not represent him upon the trial of his case in the court below. In brief by said counsel filed in behalf of appellant here, it is insisted, that the verdict of the jury was defective for not stating that the defendant was convicted of carnal knowledge of a girl over the age of twelve and under the age of sixteen. Likewise, it is here insisted that reversible error inured upon the fact that the judge did not sentence the defendant for the offense of carnal knowledge of a girl over the age of twelve years and under the age of sixteen years.

The two foregoing insistences are wholly without merit. The verdict of the jury, and also the judgment of conviction pronounced and entered, were both referable to the indictment, and were proper and regular in every respect.

The third insistence of error, to the effect that the trial court erroneously overruled appellant's motion for a new trial has no semblance of merit. This appeal is upon the record proper, there is no bill of exceptions, in the absence of which the court's rulings upon the motion for a new trial are not reviewable on appeal. Moreover, the action of the trial court in this connection is not presented for the review in any aspect of the case.

We have, as the law requires, examined the record upon which this appeal is rested; no error is apparent thereon. The proceedings in the court below were regular in all respects.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.